The Honorable Nancy Dick Lieutenant Governor State of Colorado 144 State Capitol Denver, Colorado 80203
Dear Ms. Dick:
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Does the statute authorizing the Lieutenant Governor to appoint a chairman of a teacher tenure panel require or authorize the state or Office of Lieutenant Governor to pay expenses of that panel member?
My conclusion is "no."
ANALYSIS
You have requested a formal opinion concerning payment for services of a third panelist for a teacher tenure panel designated by the Lieutenant Governor under the authority of C.R.S. 1973, 22-63-117(5) (Supp. 1978), which provides:
 If a hearing is requested by the teacher, or permitted by the board as provided in subsection (4) of this section, it shall be conducted before a panel, the members of which shall be residents of Colorado and selected as follows: The teacher shall select one member as provided in subsection (3) of this section; the board shall select one member as provided in subsection (3) of this section; and the two persons selected shall, within ten days after the filing of the request, meet and choose a third member who shall be the chairman and who shall preside at the hearing. If the persons selected by the teacher and the board cannot agree on the third member of the panel within ten days after the filing of the request, either shall so notify the lieutenant governor and he shall appoint the third member of the panel within five days after the expiration of such ten-day period. No school director or employee of the school district shall be selected as a member of a panel. Should a member of a panel become unable to serve for any reason, he shall so notify the remainder of the panel, and, within thirty days after said notice is given, the person or persons who appointed him shall appoint a replacement. The chairman shall forthwith give the teacher at least seven days' written notice of the hearing, including the place and time therefor, but in no event shall such hearing be held later than twenty-five days after the selection of the third panel member.
The statute is silent concerning the payment of expenses for the members of the panel, although it expressly provides that the school district is to pay for the recording of the hearing, C.R.S. 1973, 22-63-117(8) (Supp. 1978). The intervention of the Lieutenant Governor occurs only when the already-designated panel members are unable to agree upon the third member of the panel. No state obligation to pay for any portion of the dismissal hearing undertaken under the Teacher Tenure Act reasonably can be inferred from the mere duty to designate a member of the panel.
The Colorado Supreme Court dealt with the issue of payment of per diem expenses of panel members in Weissman v. JeffersonCounty School District No. R-1, 190 Colo. 414,547 P.2d 1267 (1976), a case not involving an appointment by the Lieutenant Governor, and held that the teacher couldnot be required to pay either the expenses of his chosen panel member or a pro rata share of the expenses of the panel chairman conducting the hearing. The supreme court did not indicate whether any such expenses would be validly incurred or how they should be met, and it remains a matter of dispute whether school districts are legally obligated to pay any such expenses.
SUMMARY
In any event, it is my opinion that the statute merely provides a procedure, through the Lieutenant Governor's Office, by which to appoint the panel chairman in instances in which the two other panel members cannot agree on the selection of the chairman, and the statute does not require or authorize the State of Colorado or the Office of the Lieutenant Governor to pay any such expenses. Under the circumstances, panel members appointed by the Lieutenant Governor should be informed of the lack of a legal mandate regarding payment of expenses, and I would advise that appropriate arrangements be made through the school district prior to the Lieutenant Governor's Office making the appointment or prior to the prospective appointee's accepting to serve.
Very truly yours,
 J.D. MacFARLANE Attorney General
TEACHERS EXPENSES EXECUTIVE BRANCH STATUTES
C.R.S. 1973, 22-63-117(5) and (8)
EDUCATION, DEPT. OF EXECUTIVE BRANCH Lieutenant Governor
Statute authorizing Lieutenant Governor to appoint chairman of teacher tenure panel does not require or authorize the state or Office of Lieutenant Governor to pay expenses of that panel member.